# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| TODD MARTIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:13-cv-01777-JAR |
| | ) | |
| IAN WALLACE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Todd Martin's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Government has responded (Doc. 8). Petitioner has not filed a reply, and the time to do so has elapsed. For the following reasons, Petitioner's section 2254 petition is **DENIED** and this action is **DISMISSED with prejudice.**

### I.     Introduction and Background

In December 2009, Petitioner was convicted by a jury in the Circuit Court of St. Louis City, Missouri, of second-degree felony murder, first-degree assault, unlawful discharge of a firearm, and two counts of armed criminal action (Resp. Ex. D at 22-25). On January 29, 2010, he was sentenced to 15 years in prison on the first-degree assault count, and 20 years in prison on each count of second-degree murder, armed criminal action, and unlawful discharge of a firearm, all terms to be served concurrently for a total of 20 years in prison (Id.). All of the counts arose out of the death of a female passenger in a car into which Petitioner admitted he had shot a rifle.

On direct appeal from his conviction and sentence, Petitioner asserted one assignment of error—that the trial court had erred by failing to sua sponte instruct the jury on defense of premises (Resp. Ex. C). On March 15, 2011, the Missouri Court of Appeals affirmed Petitioner's

convictions, summarizing the facts of Petitioner's case, as follows:

> [Petitioner] claims he reasonably believed that he needed to use force to prevent an attempted burglary of his home and/or an assault by Terrance Vann and Carlos Buford, who [Petitioner] asserts were attempting to unlawfully re-enter his home in a violent and tumultuous manner. Vann and Buford had previously been inside [Petitioner's] home, to allegedly purchase heroin. After the men briefly chatted, Buford pulled out a gun and Bann wrestled with [Petitioner], taking [Petitioner's] gun away from him. Buford later hit [Petitioner] over the head with his gun. Vann and Buford then took [Petitioner] and two other men into a bedroom at the back of the house. Vann and Buford closed the bedroom door, took the heroin, and left the house. The defendant dug through a pile of clothing in the bedroom and pulled out a rifle. Petitioner then exited the bedroom, ran to the front of the house, opened the front door, and immediately started shooting. [Petitioner] claims that when he opened the front door he saw Vann halfway in and halfway out of the car. According to [Petitioner], Vann looked at him, said something, and reached to his side. [Petitioner] thought Vann was reaching for a gun. [Petitioner] further testified that he saw Buford sitting in the front passenger seat of the car and that he saw Buford reach under the seat. He thought Buford was reaching for a gun. And so, [Petitioner] started shooting. [Petitioner] testified that he fired because he was scared. He thought the two men were going to get out of their car and either shoot or come back inside the house and "finish what they had started." He wanted to make absolutely sure that the two men did not come back inside his house. All he wanted was for them to leave. And so he fired at them.

(Resp. Ex. E at 7-8). The Court of Appeals then concluded that Petitioner had failed to adduce sufficient evidence at trial to support a defense-of-premises jury instruction, explaining as follows:

> [Petitioner] claims that Vann and Buford were attempting to re-enter [Petitioner's] premises at the time he used deadly force, but there is no evidence or reasonable inferences to support [Petitioner's] claim. [Petitioner] himself testified that when he stepped out on the porch and began firing, Vann was halfway in the car and Buford was sitting in the front seat of the car. No other version of the events indicates that Vann and Buford ever attempted to re-enter [Petitioner's] house. Rather, all the other evidence shows that once Vann and Buford left the defendant's house, the two men were in a hurry to get in the car and to leave. Of all the witnesses who testified, the only two who witnessed the events that took place when [Petitioner] opened his front door and began shooting were Latonya Mitchell, who was in the car, and Antonio [Willis], who was in [Petitioner's] home. Both witnesses testified that Vann and Buford were in a hurry to get away. Although [Petitioner] testified that he believed Vann and Buford were going to re-enter his home, the evidence does not support such a belief. [Petitioner's] subjective belief, without an evidentiary basis to create a question of fact as to its

- 2 -

reasonableness, does not meet the quantum of proof necessary to give a defense-of-premises instruction.

(Id. at 9).

Petitioner filed a pro se Missouri Supreme Court Rule 29.15 motion on February 2, 2010 (Doc. 1 at 3; Resp. Ex. F at 5-20). An attorney was appointed for Petitioner, and the attorney filed an amended Rule 29.15 motion on September 7, 2011 (Resp. Ex. F at 21-31). As amended, Petitioner's Rule 29.15 motion asserted three grounds for relief: (1) that trial counsel was ineffective by failing to seek a jury instruction on defense of others; (2) that trial counsel was ineffective by presenting a "defense" that the victim had not been shot by Petitioner, but had instead been shot by a co-passenger in the car ("alternative-shooter claim"); and (3) that trial counsel was ineffective by failing to object during the prosecutor's closing argument ("closing-argument claim") (Id.). As relevant, during closing arguments, the prosecutor argued that "[t]his is the reason St. Louis is always in the top ten for the nation's most violent cities. This kind of stuff. Retaliation over dope. Retaliation. That's what this is" (Resp. Ex. A at 185).

The motion court held an evidentiary hearing on December 6, 2011, and accepted the following relevant testimony (Resp. Ex. J). First, trial counsel testified that she could not remember why she did not seek a defense-of-others jury instruction. She further testified that, in hindsight, she believed that Petitioner would not have been successful on a defense-of-others theory unless he also had been successful in his self-defense claim. Specifically, trial counsel testified that Petitioner's self-defense claim was based on his testimony that a gun was pointed at him at the time he shot into the car, and that, at that moment, Petitioner did not know where his girlfriend and children were located. Trial counsel conceded that she could have requested a defense-of-others instruction, but explained that "one of the things we were trying to do was simplify the case to the degree that we could." Trial counsel believed that proceeding on a self-

defense theory was "more clear cut" than "saying that [Petitioner] was standing in the doorway shooting at people because he was defending someone who was in an unknown location in the house and that he wasn't defending himself and he was defending them. Allowing that argument to be made would take away from the credibility of [the] self-defense argument" (Id. at 7-10). As to the alternative-shooter argument, trial counsel testified that she had sought an expert witness's opinion as to whether the bullet that struck the victim could have been fired by a co-passenger instead of Petitioner; and that the expert was unable to offer an opinion as to the source of the bullet or the direction from which it had been fired (Id. at 13). As to Petitioner's closing-argument claim, trial counsel testified that she could not remember why she did not object to particular statements the prosecutor made during closing arguments, but that "it's always kind of a balancing call as to when to object and when not to in terms of how often and what things to object to and what not to" (Id. at 22).

Petitioner testified that before his criminal trial, he had informed trial counsel that he shot into the car because he knew that Vann and Buford were armed and he was afraid they were "going to get out of the car and re-enter [his] home" to kill him, his girlfriend, and his children (Id. at 28). Petitioner also testified that he was aware that one of the other co-passengers in the car had admitted to firing the shot that killed the victim, but that the co-passenger would refuse to testify if subpoenaed to testify at Petitioner's trial. Petitioner claimed that he asked trial counsel not to present the alternative-shooter defense because there was no evidence to support it, and because he thought it would undermine his claim that he had acted in self-defense (Id. at 32-33).

The motion court denied Petitioner's Rule 29.15 motion on February 14, 2012 (Resp. Ex. F at 32-43). Specifically, the motion court found that trial counsel's decision not to seek an

instruction on defense of others was objectively reasonable, as Petitioner would not have been entitled to such an instruction. More specifically, the motion court noted that Petitioner's girlfriend and children were not nearby at the time of the shooting, and that trial counsel's opinion that Petitioner's self-defense claim was stronger, and could be undermined by an alternative defense-of-others claim, was reasonable and supported by the evidence (Id. at 40). As to Petitioner's alternative-shooter claim, the motion court noted that, after his sentencing hearing, Petitioner stated that trial counsel had done everything he had asked her to do during his trial, and that she had not done anything that he told her specifically not to do. The motion court further noted that an expert had advised trial counsel that it was possible that the fatal bullet had been fired from inside the car, that trial counsel's reliance on that argument was not baseless, that trial counsel's attempt to use the alternative-shooter theory to create reasonable doubt was a reasonable trial strategy, and that there was no reasonable probability that the result of Petitioner's trial would have been any different had trial counsel not presented the alternative-shooter defense (Id. at 40-41). Finally, as to Petitioner's closing-argument claim, the motion court found that, even assuming that the prosecutor's comments were improper, there was no reasonable probability that the result of Petitioner's trial would have been different had the argument not been made, or had trial counsel objected and the jury told to disregard them (Id. at 42-43).

On direct appeal from that denial, Petitioner raised only two points of error: (1) that the motion court erred by finding that trial counsel had not been ineffective by failing to seek a defense-of-others jury instruction; and (2) his closing-argument claim (Resp. Ex. G at 1-41). On May 28, 2013, the denial of Petitioner's motion was affirmed. The Missouri Court of Appeals first construed Petitioner's argument that he was entitled to a jury instruction on defense of

others as an allegation of trial court error, which Petitioner had raised on direct appeal from his conviction; and concluded that the trial court had not erred by failing to give the jury a defense-of-others instruction, as the evidence at trial did not support the instruction (Resp. Ex. I). As to Petitioner's closing-argument claim, the Court of Appeals concluded that the prosecutor's argument permissibly referred to the prevalence of drug-related violence in the City of St. Louis and the jury's obligation to uphold the law and prevent crime. The Court of Appeals further reasoned that, because the prosecutor's arguments were permissible, trial counsel could not be considered ineffective for failing to object to them (Id.). Petitioner did not apply for transfer to the Missouri Supreme Court.

On September 9, 2013, Petitioner filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus, raising the following three grounds for relief: that the trial erred by not instructing the jury on defense of premises; his defense-of-others claim; and his closing-argument claim (Doc. 1). The Government has responded, arguing that the Missouri Court of Appeals' affirmance of the denial of Petitioner's claims is reasonable and entitled to deference (Doc. 8).

## II.    Analysis

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal courts may not grant habeas relief on a claim that has been decided on the merits in state court unless that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "'A state court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a [different] result.'" Cagle v. Norris, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003)). A state court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Williams v. Taylor, 529 U.S. 362, 407 (2000). A state court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." Ryan v. Clarke, 387 F.3d 785, 791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)). A state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); Wood v. Allen, 558 U.S. 290, 293 (2010). Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011). Clear and convincing evidence that state court factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); Wood, 558 U.S. at 293.

## A. Ineffective-Assistance Claims

To state a claim of ineffective assistance of trial counsel, Petitioner must demonstrate both that his counsel's performance was deficient and that he was prejudiced by that performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient representation means counsel's conduct fell below the conduct of a reasonably competent attorney. Id. To

establish prejudice, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Federal habeas review of a Strickland claim is highly deferential, because "[t]he question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether the determination was unreasonable—a substantially higher threshold." Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (internal quotations and citations omitted). There is a strong presumption that counsel's "challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 687 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

### 1. Defense-of-Others Claim

Petitioner claims that trial counsel was ineffective when she failed to move for a defense-of-others jury instruction. The Court disagrees. Initially, the Court agrees with the Court of Appeals' conclusion that a defense-of-others theory would have been problematic under the facts of Petitioner's case. In Missouri, a person is justified in using deadly force to protect others against death or serious physical injury if he reasonably believes that such force is necessary to thwart the attack. Mo. Rev. Stat. § 563.031; Hill v. State, 160 S.W.3d 855, 860 (Mo. App. 2005). A defendant bears the initial burden of injecting the defense-of-others issue into his criminal case. Vogel v. State, 31 S.W.3d 130, 136 (Mo. App. 2000). To inject the issue into his case, a defendant must present substantial evidence showing (1) an absence of provocation by the defendant; (2) that the defendant had a reasonable belief that deadly force was necessary to protect the third party against an imminent danger of death or serious physical injury; (3) a reasonable basis for that belief; and (4) an attempt by the defendant to do all within his power consistent with his own personal safety to avoid the danger and the need to use deadly force against the victim. Id. At Petitioner's trial, his girlfriend testified that, at the time Petitioner

started shooting, she and the children had already retreated to the basement of the residence (Resp. Ex. A at 148-49). In addition, Petitioner testified that when he exited the back room, his girlfriend and children were in a room located in the middle of his residence; that they were not in the front room with him when he shot at the car; and that when he reentered his residence after shooting at the car, they had "disappeared" and he did not know where they had gone (Id. at 160, 166). The Court agrees with the Court of Appeals that, under these facts, Petitioner had no objectively reasonable basis to believe that his girlfriend or children were in imminent danger of death or serious physical injury at the time he fired into the car. As such, the Court concludes that Petitioner has failed to establish that he was prejudiced by trial counsel's failure to seek a defense-of-others jury instruction, as was not entitled to such an instruction. Strickland, 466 U.S. at 687; see also Vogel, 31 S.W.3d at 136 (to prevail on claim of ineffective assistance of counsel based on failure to request jury instruction, movant must show that evidence would have required instruction had counsel requested it).

The Court further agrees with the Court of Appeals that, even assuming that Petitioner would have been entitled to a defense-of-others jury instruction had trial counsel so moved, that trial counsel's decision not to seek the instruction was reasonable trial strategy. Strickland, 466 at 690 (counsel's strategic choices made after thorough investigation are virtually unchallengeable). Trial counsel testified that she proceeded with a self-defense theory because she was trying to simplify Petitioner's case, and that presenting an additional defense-of-others theory would have diminished the credibility of Petitioner's self-defense claim. See Jackson v. State, 205 S.W.3d 282, 285 (Mo. App. 2006) ("An objectively reasonable choice not to submit an available instruction does not constitute ineffective assistance of counsel."). Under the facts in this case, counsel's decision to not offer the instruction was an objectively reasonable choice. In short,

Petitioner has not established that trial counsel was ineffective by failing to request a defense-of-others jury instruction, or that he was prejudiced by counsel's decision. Strickland, 466 U.S. at 687. The Court will thus deny Petitioner's defense-of-others claim.

### 2. Closing-Argument Claim

Petitioner argues that trial counsel was ineffective by failing to object to the prosecutor's comments, made during her closing argument, regarding the high rate of violent crime in the City of St. Louis. Initially, the Court questions whether the prosecutor's arguments were objectionable, as it appears to be a reasonable comment on the evidence. See Forrest v. State, 290 S.W.3d 704, 717 (Mo. 2009) (prosecutors may address in closing arguments need for strong law enforcement, prevalence of crime in community, and fact that conviction of defendant is part of jury's duty to uphold law and prevent crime). Further, the Court notes that defense attorneys frequently withhold objections during improper closing arguments for strategic reasons. See Middleton v. Roper, 455 F.3d 838, 850 (8th Cir. 2006). The Court agrees with the Missouri Court of Appeals that, even assuming trial counsel's decision not to object to prosecutor's allegedly improper comments was not reasonable trial strategy, Petitioner cannot establish that he was prejudiced, as nothing in the record suggests that the result of Petitioner's trial would have been different had counsel so objected. Bucklew v. Luebbers, 436 F.3d 1010, 1021 (8th Cir. 2006) (to establish prejudice in ineffective-assistance claim based on failure to object to prosecutor's closing argument, petitioner must show that, but for counsel's failure to object, the result of the proceeding would have been different). The Court will deny Petitioner's closing-argument claim.

### B. Defense-of-Premises Claim

Petitioner argues that the trial court erred by failing to sua sponte instruct the jury on

defense of premises. The Court concludes this claim lacks merit because Petitioner was not entitled to an instruction on defense of premises. In Missouri, a trial court must give a defense-of-premises instruction only when there is evidence of an attempted unlawful entry and evidence that the lawful occupant reasonably believed (1) that an immediate danger of entry existed; (2) that the entry was being attempted in order to kill or inflict serious bodily harm to the occupant; and (3) that deadly force was required to prevent the entry. State v. Lumpkin, 850 S.W.2d 388, 391 (Mo. App. 1993). The defendant has the burden of injecting the issue into the case, see Mo. Rev. Stat. § 563.036.3; and substantial evidence must support the defense before the trial court is obligated to submit the instruction to the jury, see State v. Goodine, 196 S.W.3d 607, 613 (Mo. App. 2006). More specifically, the defendant must present evidence that, under its most favorable construction, supports a finding that defendant lawfully defended his premises. State v. Lumpkin, 850 S.W.2d 388, 392 (Mo. App. 1993). Importantly, it is not enough that the defendant subjectively believed in his own mind that the other person was attempting to unlawfully enter is premises; his belief must also be objectively reasonable. Id.

The Court agrees with the Missouri Court of Appeals' conclusion that Petitioner failed to present sufficient evidence to inject the defense of premises into his case, as he presented no evidence at trial from which a reasonable jury could have inferred that he reasonably believed Vann and Buford were attempting to reenter his residence. Cf. Schleeper v. Groose, 36 F.3d 735, 737 (8th Cir. 1995) (state-court interpretations of state laws are binding on federal habeas courts). At his trial, Petitioner testified that after Vann and Buford left him in a room located at the back of his house, he grabbed a rifle he had hidden in a pile of clothing, exited the room, and saw Vann and Buford running out the front door of his residence. Petitioner further testified that he then ran after Vann and Buford, stopped in the front doorway of his home, saw Vann and

Buford either inside or partially inside of a car parked in front of his residence, and shot at the car (Resp. Ex. A at 160-66). Another witness, a passenger in the car, testified that Vann and Buford had walked out of Petitioner's house and were getting into the car when Petitioner started shooting (Id. at 83-84, 88, 93-94). A third witness, who had been in Petitioner's residence, testified that Vann and Buford had rushed to the car and were in a hurry to get in the car when Petitioner started shooting (Id. at 107, 115-16). The Court agrees with the Missouri Court of Appeals that, under these facts, Petitioner was not entitled to a defense-of-premises jury instruction. Petitioner's defense-of-premises claim will be denied.

In sum, Petitioner has not demonstrated that trial counsel's performance was deficient or that he was prejudiced by her performance. Strickland, 466 U.S. at 687. Accordingly, the Court concludes that the Missouri Court of Appeals' decisions rejecting Petitioner's claims are neither contrary to, nor involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; and that they were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. See 28 U.S.C. § 2254.

### III.    Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Todd E. Martin's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED.**

**IT IS FURTHER ORDERED** that, because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). A judgment dismissing this case is filed herewith.

Dated this 21st day of September, 2016.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**